**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-05030-01-CR-SW-RED |
| ) | |
| **MICHAEL HARRIS,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

NOW before the Court is the Motion to Suppress (Doc. 14) and the Government's Response to Motion to Suppress Evidence and Statements (Doc. 18). United States Magistrate Judge James C. England entered his Report and Recommendations (Doc. 25) recommending that the motion to suppress be denied. Defendant filed his Objections to the Report and Recommendation of the United States Magistrate (Doc. 26) and Supplemental Objections to the Report and Recommendation of the Magistrate (Doc. 27).

On September 6, 2004 Officer John Randall was conducting surveillance at a plant where anhydrous ammonia was stored, due to recent thefts at that plant. In his five years as an investigator he made at least twenty-five (25) arrests of persons attempting to steal anhydrous ammonia at the plant. Around 4:15 a.m. Officer Randall had checked the metal gates around the anhydrous ammonia tanks and they were closed. At approximately 4:30 a.m. Officer Randall heard a noise like a gate being drug across gravel. He had previously noticed a vehicle in the area, which was not normal for that time of day, but he had then lost sight of the vehicle. Once he heard the sound of what he believed to be the gate, Officer Randall pulled his vehicle onto the anhydrous ammonia facility area.

At this time, the officer saw the Defendant walking towards him. He did not recognize Defendant. Defendant was inside the gate and on the restricted area. He was dressed in dark clothing, heavier than appropriate for the temperature. Officer Randall exited his vehicle with his gun drawn and ordered Defendant on the ground. Defendant complied. Officer Randall had Defendant stand up and come closer and then ordered him to the ground again. Officer Randall then detained Defendant in handcuffs for officer safety. Due to his experience, Officer Randall radioed for backup because of his belief that Defendant may not have been alone.

Defendant told Officer Randall that he was changing a flat tire on his truck. Officer Randall then advised Defendant of his *Miranda* rights. After being so advised, Defendant admitted that there was a propane tank in his truck and that he was there to steal anhydrous ammonia. Defendant told Officer Randall that if he was not home by 7:00 a.m. something would happen to his family and that he was stealing the anhydrous for another person.

Once the backup officers arrived, Defendant's truck was searched. In the truck bed there was a propane tank covered by a blue tarp. The tank had a blue residue on the valve, indicating prior use to store anhydrous ammonia. In addition, the officers found a pistol, a night vision set, a spotlight, and lithium batteries in the cab of the truck.

Defendant argues one point in the Motion to Suppress, specifically, that Officer Randall did not have probable cause to arrest him for the attempted theft of anhydrous ammonia. Probable cause exists if the totality of the circumstances known to all officers involved at the time of the arrest "were sufficient to warrant a prudent person's belief that the suspect had committed or was committing an offense." *Id.* (citation and internal quotations omitted); *United States v. Amaya,* 52 F.3d 172, 174 (8th Cir.1995) (totality of the circumstances); *United States v. Morgan,* 997 F.2d 433,
2

435 (8th Cir.1993) (court may consider collective knowledge). Because probable cause requires only a probability or substantial chance of criminal activity, rather than an actual showing of criminal activity, *United States v. Payne,* 119 F.3d 637, 643 (8th Cir.1997), the police need not have amassed enough evidence to justify a conviction prior to making a warrantless arrest. *United States v. Caves,* 890 F.2d 87, 93 (8th Cir.1989).

In determining whether probable cause exists, Courts recognize that the police possess specialized law enforcement experience and thus may "draw reasonable inferences of criminal activity from circumstances which the general public may find innocuous." *Id.* at 94 (citation and internal quotations omitted). Accordingly, the totality of the circumstances in this case are viewed through the eyes of the experienced officers involved in his arrest. *See Payne,* 119 F.3d at 643. Furthermore, "due weight" is given to inferences drawn from the facts and circumstances of each case by local law enforcement officers. *Id.* at 642.

Defendant argues that all that was known to Officer Randall was that there were previous thefts in the area where he was conducting surveillance, there was an open gate that had previously been closed fifteen (15) minutes before, and that Officer Randall observed the Defendant wearing heavy dark clothing and gloves. However, the record demonstrates many more facts than those to support probable cause. Officer Randall was in the area specifically to watch for attempted thefts at a location that had been broken into many times before. In fact, Officer Randall's personal experience with the exact location over five years had yielded over 25 arrests. In those five years of experience, access to the area had not normally been lawful if it occurred between 10:00 p.m. and 6:00 a.m.

Officer Randall noted that the gate that had been closed was opened, noting access to the

3

restricted area. Defendant is correct to point out that the description of the gate in the report and recommendation as "locked" is incorrect. However, it is clear that the gate was closed, in whatever manner, and then was open when Officer Randall went to investigate the noise. Upon seeing the Defendant, Officer Randall noticed that he was dressed heavier than the weather required and was wearing dark clothing.

Based upon Officer Randall's experience in this exact location, and the totality of the circumstances, it is clear that Officer Randall had probable cause to arrest the Defendant. Given the time of night, the location, and other factors noted by the Officer there was a reasonable probability or substantial chance of criminal activity.

## Conclusion

Upon a *de novo* review, *see* 28 U.S.C. § 636(b) the Court OVERRULES Defendant's objections and ADOPTS the Magistrate's Report and Recommendations in full. Accordingly, and for the reasons articulated herein and by the Magistrate in the Report and Recommendations (Doc. 26) it is hereby

**ORDERED** that Defendant's Motion to Suppress (Doc. 14) is **DENIED.**

**IT IS SO ORDERED.**

DATE:     January 31, 2006         */s/ Richard E. Dorr*
                                    RICHARD E. DORR, JUDGE
                                    UNITED STATES DISTRICT COURT